UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANDREA PERRY,** individually and on behalf of all other Ohio residents similarly situated, </br>　　　　　**Plaintiff,** </br></br>　　vs. </br></br>**ALLSTATE INDEMNITY COMPANY, ET AL.,** </br>　　　　　**Defendants.** | CASE NO.1:16CV01522 </br></br> JUDGE CHRISTOPHER A. BOYKO </br></br></br></br> **OPINION AND ORDER** |

**CHRISTOPHER A. BOYKO, J:**

　　This matter is before the Court on Plaintiff Andrea Perry's Motion for Leave to File Second Amended Class Complaint to Add New Party Plaintiff (ECF # 67) and Defendant Allstate Indemnity Company's Motion for Judgment on the Pleadings. (ECF # 61). For the following reasons, the Court grants Perry's Motion and denies Allstate's Motion.

　　In her Motion, Perry asks the Court to allow her to amend her Complaint to add Ning Xu as a named Plaintiff. Plaintiff's Motion is in response to Defendant's Motion for Judgment on the Pleadings which challenges Perry's status as a real party in interest due to her Chapter 13 bankruptcy. Because Perry's bankruptcy status has no bearing on the merits of the putative class action, Perry seeks leave to amend to add another named plaintiff and moot Defendant's Motion.

　　Allstate opposes Perry's Motion, arguing Perry is not a real party in interest because she

had a Chapter 7 bankruptcy that converted to a Chapter 13 bankrutpcy that she never disclosed to Allstate, this Court and the Court of Appeals until recently. Because an action by a debtor must be prosecuted in the name of the trustee, Allstate contends Perry lacks standing to prosecute the litigation in her name. Moreover, her failure to disclose her bankruptcy to the Court and this suit to the bankruptcy court requires denying her Motion for Leave and militates in favor of Judgment on the Pleadings due to judicial estoppel. Finally, Allstate argues that Perry's Motion for Leave is untimely and amendment would be futile as Xu's claims are time barred per the terms of the insurance policy.

## STANDARD OF REVIEW

Trial courts enjoy broad discretion in deciding motions for leave to amend. See *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). When a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.' " *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely

given.'" *Pittman v. Experian Info. Sols., Inc.,* 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

**Standing**

According to Allstate, Perry lacks standing to pursue her claims and even to file a Motion for Leave to Amend because in a bankruptcy the action must be maintained in the name of the trustee. In 2017, Perry motioned to convert her Chapter 7 bankruptcy to a Chapter 13 and has amended her schedules to include this action in her bankruptcy with the approval of her Chapter 13 Trustee.

While there seems to be little dispute that a Chapter 7 bankruptcy trustee is the real party in interest for prepetition claims, the law in the Sixth Circuit regarding the real party in interest in a Chapter 13 bankruptcy is far from settled. Allstate cites the Sixth Circuit decision of *Rugiero v. Nationstar Mortg., LLC,* 580 F. App'x 376, 378 (6th Cir. 2014), wherein Patrick Rugiero filed for Chapter 13 bankruptcy and then filed a suit challenging a foreclosure. In affirming summary judgment for defendants the Sixth Circuit, in an unpublished opinion, held Rugiero lacked standing to bring the foreclosure challenge as he had a pending Chapter 13 bankruptcy. The Sixth Circuit stated:

> the trustee in bankruptcy acts as representative of the estate. It is the trustee who has capacity to sue and be sued. It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property under the Bankruptcy Code—vests in the trustee for the benefit of the estate. The debtor has no standing to pursue such causes of action.

Quoting *Bauer v. Commerce Union Bank, Clarksville, Tenn.,* 859 F.2d 438, 441 (6th Cir.1988).

The Sixth Circuit in *Rugiero* did not engage in any substantive analysis of standing and real party in interest in a Chapter 13 bankruptcy. In fact, in a subsequent decision the Sixth

Circuit acknowledged that *Rugiero* barred an action by anyone other than the trustee in a Chapter 13 action but noted that three other circuits held that a debtor had standing to bring an action in his or her own name.[1] See *Kolesar v. Allstate Ins. Co.*, 814 F. App'x 988, 990 (6th Cir. 2020). The Sixth Circuit declined to determine this issue because plaintiff had failed to raise it in his opposition brief but did acknowledge that the issue remains unresolved in the Sixth Circuit. "But we need not resolve this question today as to Chapter 13 debtors in general. That is because Kolesar failed to address his standing when responding to Allstate's motion for summary judgement." *Id.*

At least one court in Ohio, prior to *Rugiero*, held a debtor does have standing as a real party in interest. "In a Chapter 13 bankruptcy proceeding, the debtor and the trustee have concurrent standing to pursue claims on behalf of the estate, and both are real parties in interest." *Owens v. Dolgencorp, LLC,* No. 3:12-CV-313, 2013 WL 6795415, at *2 (S.D. Ohio Dec. 19, 2013). Federal Rule of Bankruptcy Procedure 6009 reads, "[w]ith or without court approval, the trustee or the debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or

---

[1] The Sixth Circuit in *Kolesar* listed the following circuit cases that found a Chapter 13 debtor was the real party in interest. *Cable v. Ivy Tech State Coll.,* 200 F.3d 467, 472–74 (7th Cir. 1999) (holding that a Chapter 13 debtor-in-possession can exercise the powers of a trustee and sue in his own name for the estate), overruled on other grounds by *Hill v. Tangherlini,* 724 F.3d 965, 967 n.1 (7th Cir. 2013); accord *Wilson v. Dollar Gen. Corp.,* 717 F.3d 337, 342–44 (4th Cir. 2013) (holding that a Chapter 13 debtor had standing to maintain a prepetition ADA claim); *Smith v. Rockett,* 522 F.3d 1080, 1081–82 (10th Cir. 2008) (holding that a Chapter 13 debtor had standing to bring an FDCPA claim in her own name on behalf of the bankruptcy estate), but see id. at 1083 (O'Brien, J., dissenting) ("[T]he bankruptcy code does not expressly give a Chapter 13 debtor capacity to sue in her own name as a representative of the estate.").

proceeding in behalf of the estate before any tribunal." But see *In re Robinson*, No. 19-14515, 2020 WL 4809901, at *3 (Bankr. N.D. Ohio July 23, 2020) ("Absent abandonment, 'only the [t]rustee may bring [a prepetition] claim, and [a debtor] 'has no standing to pursue' it alone." (Internal citations omitted). "This principle applies in both Chapter 7 and Chapter 13 bankruptcy cases." Citing *Rugiero v. Nationstar Mortg.*, LLC, 580 F. App'x 376, 378 (6th Cir. 2014). In fact, six circuit courts have held a debtor in a Chapter 13 proceeding is a real party in interest. [2]

Thus, the overwhelming authority militates in favor of finding that a debtor in a Chapter 13 bankruptcy standing is the real party in interest to prosecute an action. Moreover, Perry had standing to bring the action when it was initially filed as the case was filed in May of 2016 and Perry did not file for bankruptcy until August of 2016. However, there are two additional reasons to allow Plaintiff to proceed with this action at this stage and allow her Motion for Leave.

First, the Sixth Circuit in *Kolesar* held, "Standing is not a mere pleading requirement but rather 'an indispensable part of the plaintiff's case, and each element of standing must be supported 'with the manner and degree of evidence required at the successive stages of the litigation'" in the same way as "any other matter on which the plaintiff bears the burden of

---

[2] See *Dufrene v. ConAgra Foods, Inc.,* 196 F. Supp. 3d 979, 982 (D. Minn. 2016). ("However, at least six circuit courts of appeals have concluded that Chapter 13 debtors have standing to pursue causes of action in their own name on behalf of the bankruptcy estate. E.g., *Wilson v. Dollar Gen. Corp.,* 717 F.3d 337, 342–43 (4th Cir.2013); *Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir.2008); *Crosby v. Monroe Cnty.,* 394 F.3d 1328, 1331 n. 2 (11th Cir.2004); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472–74 (7th Cir.1999), overruled on other grounds by *Hill v. Tangherlini,* 724 F.3d 965, 967 n. 1 (7th Cir.2013); *Olick v. Parker & Parsley Petroleum Co.,* 145 F.3d 513, 515–16 (2d Cir.1998); *Mar. Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1209 n. 2 (3d Cir.1992).").

proof.'" *quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "At the pleading stage, general factual allegations ... may suffice." *Ibid*. Thus, this issue is more appropriately determined on summary judgment.

Second, courts in this circuit have held "bankruptcy debtors misfiling claims in their own names have been allowed to salvage their cases by returning to the bankruptcy court to amend their schedules, to allow the trustee to abandon the claims, or to have the trustee ratify the lawsuit's filing." *Crocheron v. State Farm Fire & Cas. Co.,* 621 B.R. 659, 662 (E.D. Mich. 2020), vacated sub nom. *Shapiro v. State Farm Fire & Cas. Co.,* No. 19-12755, 2020 WL 10045968 (E.D. Mich. Oct. 22, 2020) citing *Tyler v. DH Capital Mgmt., Inc.,* 736 F.3d 455, 461 (6th Cir. 2013). Rule 17 of the Federal Rules of Civil Procedure states that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ... be substituted in the action." Fed. R. Civ. P. 17(a)(3). The Court denies Allstate's Motion for Judgment on the Pleadings because: 1) the weight of authority allows that Perry is a real party in interest, 2) that it is premature to determine issues of standing and real party in interest on a motion for judgment on the pleadings under these circumstances and 3) because the Court must allow the trustee time to ratify or abandon the suit.

**Judicial Estoppel**

Allstate moves the Court to deny Perry leave to amend and grant judgment for Allstate based on judicial estoppel for Perry's failure to add this action as an asset in her bankruptcy. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Lewis v.*

6

*Weyerhaeuser Co.*, 141 F. App'x 420, 424–25 (6th Cir. 2005)(quoting *Pegram v. Herdrich,* 530 U.S. 211, 227 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning v. Levy,* 283 F.3d 761, 776 (6th Cir.2002) (quotation omitted). The Sixth Circuit has described judicial estoppel as a rule against "playing fast and loose with the courts," "blowing hot and cold as the occasion demands," or "hav[ing] [one's] cake and eat[ing] it too." *Reynolds v. Comm'r,* 861 F.2d 469, 472 (6th Cir.1988) (citations omitted) (alteration in original).

The Supreme Court has stated, "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation or principle." *New Hampshire v. Maine,* 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). However, the Supreme Court has identified three circumstances where the application of judicial estoppel may be appropriate: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51, 121 S.Ct. 1808 (internal quotes and citations omitted). These factors, however, are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* at 751, 121 S.Ct. 1808.

Likewise, the Sixth Circuit in *Browning v. Levy,* 283 F.3d 761, 775 (6th Cir.2002),

7

described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition."
The Sixth Circuit has held that failing to list a cause of action as an asset in a bankruptcy filing supports judicial estoppel. See *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 898 (6th Cir.2004).

Section 521(1) of the Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). "It is well-settled that a cause of action is an asset that must be scheduled under § 521(1)." *Lewis v. Weyerhaeuser Co.,* 141 F. App'x 420, 424 (6th Cir. 2005), citing *Eubanks v. CBSK Financial Group, Inc.,* 385 F.3d 894, 897 (6th Cir.2004).

However, it is also true that "judicial estoppel does not apply where the prior inconsistent position occurred because of 'mistake or inadvertence.' " *Lewis v. Weyerhaeuser Co.,* 141 F. App'x 420, 425 (6th Cir. 2005) quoting *Browning*, 283 F.3d at 776. Here, Perry represents in her Opposition that her failure to originally list this action in her bankruptcy was due to her mistaken impression that she did not need to do so. This presents a factual issue improperly addressed on a motion brought under F.R.C.P. 12(c).

**Delay**

Allstate also contends that leave to amend should be denied because Perry delayed filing for leave. Her motion was filed after close of discovery and after the court-appointed time to amend had passed. Furthermore, Allstate contends the proposed Second Amended Complaint seeks to expand the class to include those parties that have already been paid under the insurance

policies at issue. Thus, it will unnecessarily delay proceedings requiring additional discovery and motion practice. However, delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994). Here, while some additional discovery may be needed, it will be limited and will largely be information already in Allstate's possession. Also, this case has not yet proceeded to class certification and no trial date has been set. Thus, prejudice is minimal and the Court finds it does not militate against amendment.

**Futility**

Lastly, Allstate argues that allowing the amendment would be futile because Xu's claim falls outside the contractual one-year limitation period set in the relevant insurance policy. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005) citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

Upon review of the parties' briefs and arguments, the Court finds that the key considerations of Fed.R.Civ.P. 15 weigh in favor of allowing Plaintiff to amend.

At the outset, the Court is guided by the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir. 2011). In that vein, Allstate raises issues which are not appropriately resolved upon an amendment motion as discussed above.

The dispute over the suitability of the proposed new party plaintiff and viability of Plaintiffs' claims are more appropriately addressed through summary judgment motion practice and not at the pleading stage of the litigation.

The Court is mindful that the amendment deadline has expired, but the necessity and expense of additional motion briefing do not constitute such prejudice that would warrant denying leave to amend.

Therefore, for the foregoing reasons, the Court denies Allstate's Motion for Judgment on the Pleadings and grants Plaintiff Leave to File her Second Amended Complaint. Plaintiff shall file her Second Amended Complaint no later than August 18. The parties are further instructed to confer and submit to the Court, no later than August 23, 2021, a joint proposed schedule to include class certification motion and hearing dates going forward.

IT IS SO ORDERED.

    /s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge